IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:18-cv-00358

HECTOR IBARRA AND MAGDA IBARRA, PLAINTIFFS,

v.

TEXAS FARMERS INSURANCE COMPANY, DEFENDANT.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

The plaintiffs, Hector and Magda Ibarra, sued Texas Farmers Insurance Company for breach of contract. Before the court is Farmers' motion for summary judgment. Dkt. 28.[1] For the reasons discussed below, the court grants the motion and dismisses the Ibarras' claim with prejudice.

I.  **Relevant Facts**

A.  **The National Flood Insurance Program**

Recognizing that it is uneconomical for private insurance companies to provide flood insurance with reasonable terms and conditions to those in flood-prone areas, Congress in 1968 enacted the National Flood Insurance Act. 42 U.S.C. § 4001, *et seq.* The act established the National Flood Insurance Program to

---

[1] Page number citations to the documents that the parties have filed refer to those that the court's electronic case filing system automatically assigns.

provide insurance at or below actuarial rates. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The Federal Emergency Management Agency (FEMA) is charged with administering the program. *Id.*; 42 U.S.C. § 4019. The act authorizes FEMA to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage" and regulate the methods by which losses are adjusted and paid. *Id.* at 953; *see also* 42 U.S.C. § 4019.

Flood-insurance policies can be issued directly by FEMA or through private insurers known as "Write Your Own" (WYO) companies. *Id.* FEMA fixes the terms and conditions of all federal flood-insurance policies and sets them forth in the Code of Federal Regulation. *Id.* Policies must be issued in the form of a Standard Flood Insurance Policy (SFIP); no provision of the SFIP can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.4(b), 61.13(d).

A program policyholder cannot file a lawsuit seeking federal benefits under the SFIP unless the policyholder can show his or her prior compliance with all policy requirements. 44 C.F.R. § Pt. 61, App. A(1), art. VII(R) (a policyholder "may not sue [ ] to recover money under this policy unless [the claimant has] complied with all the requirements of the policy.").

B.  **Factual Background**

Farmers, in its capacity as a WYO carrier participating in the program, issued an SFIP covering the Ibarras' home in Pearland. *See* Dkt. 1, ¶¶ 5-8; 44 C.F.R.

§ Pt. 61, App. A(1) (standard SFIP dwelling form), incorporated into the Code of Federal Regulations by reference at 44 C.F.R. § 61.13.[2] The policy was effective for one year, beginning October 9, 2016. Dkt. 28–2, Ex. A.

On August 26, 2017, Hurricane Harvey struck the Texas Gulf region. The Ibarras' property, like many others, flooded. Dkt. 1, ¶ 10. About five months after their property was damaged, the Ibarras notified Farmers of their loss and filed a claim on their SFIP. *See* Dkt. 28–2, ¶ 11; *see also* Dkt. 28–2, Ex. A (Ibarras' notice of loss).

The SFIP requires a policyholder provide a WYO carrier with "prompt written notice" of his or her loss. 44 C.F.R. § Pt. 61, App. A(1), art. VII(J)(1). Because the Ibarras waited more than 150 days to notify Farmers of their loss, Farmers insisted the Ibarras sign a non-waiver agreement before it began investigating their claim. On February 5, 2018, Hector Ibarra signed the non-waiver agreement, which provides in relevant part:

> **THE SOLE OBJECT AND INTENT** of this agreement is to provide for the determination of the amount of actual cash value and the amount of loss and damage, and an investigation of the cause thereof, without regard to the liability, if any, of [Farmers].

Dkt. 28–7.

Farmers assigned Colonial Claims to assist in the investigation and adjustment of the Ibarras' claim. Dkt. 28 at 6. An independent adjuster prepared a damage estimate and proof-of-loss form, which the Ibarras contend they "felt

---

[2] Although the policy at issue is not part of the record, neither party contends the policy varies from the standard SFIP dwelling form.

forced to sign." Dkt. 1, ¶ 13. Based on the independent adjuster's estimate, Farmers determined that the damage to the Ibarras' property did not exceed the policy's deductible and issued a denial of the claim on February 7, 2018. Dkt. 28 at 6.

The Ibarras then retained an independent expert to evaluate the extent of the flood loss caused by Hurricane Harvey. They now contend their expert "found conclusive evidence that the [f]lood critically damaged [the] covered property in an amount and scope far greater than found by [Farmers'] adjuster." Dkt. 1, ¶¶ 16-17.

On October 8, 2018, the Ibarras sued Farmers, asserting a single claim for breach of contract. Dkt. 1. The gravamen of their argument is that Farmers materially breached the SFIP by refusing to pay for all covered damage to their property caused by Hurricane Harvey. Dkt. 1, ¶¶ 19-21, 41.

On November 29, 2019, Farmers moved for summary judgment. In it, they argue the Ibarras—by waiting more than five months to notify Farmers of their claim—failed to comply with all conditions precedent to file a lawsuit seeking benefits under their SFIP. Dkt. 28 at 8-12. The Ibarras have not responded to the motion.

## II. Summary-Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

4

fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if a reasonable factfinder could render a verdict for the nonmoving party. *Id.*

If the moving party meets the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).

### III. Analysis

The Fifth Circuit has repeatedly emphasized that the provisions of the SFIP "must be strictly construed and enforced" because the SFIP is "an insurance policy issued pursuant to a federal program." *Gowland*, 143 F.3d at 953; *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015); *Constr. Funding, L.L.C. v. Fid. Nat. Indem. Ins. Co.*, 636 F. App'x 207, 209 (5th Cir. 2016);

*Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 394 (5th Cir. 2009); *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 282 F. App'x 317, 322 (5th Cir. 2008); *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008); *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008).

A program policyholder cannot file a lawsuit seeking federal benefits under the SFIP unless the policyholder can show his or her prior compliance with all policy requirements. 44 C.F.R. § Pt. 61, App. A(1), art. VII(R) (a policyholder "may not sue [ ] to recover money under this policy unless [the claimant has] complied with all the requirements of the policy.").

The SFIP, in a section titled "Requirements in Case of Loss," lists a policyholder's duties in instances of flood damage to the insured property. *Id.* art. VII(J). Strictly construing this provision, the Ibarras were required to, *inter alia*, "[g]ive prompt written notice" to Farmers of their flood damage and, "[w]ithin 60 days after the loss," send Farmers a sworn proof of loss listing, among other things, the amount claimed as due under the policy to cover the loss. *Id.* art. VII(J)(1), (4).

Farmers argues summary judgment is appropriate because the plaintiffs did not provide prompt written notice of their claim, *i.e.,* failed to comply with all conditions precedent to filing suit. The uncontested evidence establishes that the plaintiffs did not notify Farmers of their loss until January 29, 2018— approximately five months after Hurricane Harvey struck the Gulf region and purportedly damaged their property. Dkt. 28–1, Ex. A.

The court is not aware of any district court in this circuit that has weighed in on what exactly constitutes "prompt written notice" under the SFIP.[3] The United States District Court for the Southern District of Florida, however, has held that written notice supplied thirty-seven days after the event of loss did not satisfy the SFIP's "stringent" notice requirement. *Galt Ocean Manor Condo. Ass'n, Inc. v. First Cmty. Ins. Co.*, No. 12-62231-CIV, 2014 WL 11531566, at *5–6 (S.D. Fla. Mar. 19, 2014); *see also Pacino v. Traveler's Ins. Co.*, No. 02-20430, ECF No. 59 at 8 (S.D. Fla. Apr. 4, 2003) (holding a thirty-six-day delay in providing notice fails to satisfy a federal flood-insurance policy's requirement that notice be provided "as soon as practicable"); *Kaufman v. State Farm Fire & Cas. Co.*, No. 01-00965, ECF No. 176 at 23-24 (S.D. Fla. Jan. 1, 2004) (finding seventy-five-day delay to be *per se* unreasonable and not meet federal flood-insurance policy's "as-soon-as-practicable" requirement).[4]

The Ibarras waited more than five months to notify Farmers of their loss. Without question, such delay does not satisfy the SFIP's prompt-notice requirement. Accordingly, there exists no genuine issue of material fact in this matter as to whether the plaintiffs failed to comply with article VII(R) of the SFIP—

---

[3] In two instances, a district court in the Fifth Circuit has bypassed the issue by dismissing the case on a separate ground. *See Miller v. Am. Strategic Ins. Corp.*, CIV.A. 13-2658, 2015 WL 3902790, at *4 (W.D. La. June 23, 2015), aff'd, 665 Fed. App'x 351 (5th Cir. 2016) ("the Court need not reach the issue of whether that notice was sufficiently 'prompt,' as plaintiffs have not satisfied the requirement that they submit a complete, sworn proof of loss"); *Airhart v. Allstate Ins. Co.*, CIV.A. 06-4982, 2007 WL 2127720, at *2 n.6 (E.D. La. July 18, 2007) (dismissing the case because the plaintiff failed to submit a sworn proof of loss).

[4] Though the policy here does not contain the same "as-soon-as-practicable" language, it does require "prompt written notice," which is a more stringent standard than "as soon as practicable." *Galt Ocean Manor Condo. Ass'n*, 2014 WL 11531566, at *5.

*i.e.,* established all conditions precedent to filing suit. 44 C.F.R. § Pt. 61, App. A(1), art. VII(R). "This provision has repeatedly been upheld by federal courts, and failure to comply with it is fatal to a claim for breach of contract under the SFIP." *Avery v. Am. Nat'l Prop. & Cas.*, No. H-10-cv-3548, 2012 U.S. Dist. LEXIS 193506, at *21 (S.D. Tex. Feb. 2, 2012) (Hanks, J.) (citing *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793 (5th Cir. 1993); and *Cooks v. Nat'l Flood Ins. Program*, No. CIV. 09-174, 2009 WL 3645690 (E.D. La. Nov. 2, 2009)).

For the sake of completeness, the court notes that there is ample authority that an insured cannot recover on an SFIP claim if the policyholder does not provide a sworn proof of loss within 60 days of the date of loss. *See Gowland*, 143 at 954-55; *Holeman v. Dir., Fed. Emergency Mgmt. Agency*, 699 F. Supp. 98, 99 (N.D. Tex. 1988) (no recovery where insured failed to furnish a sworn proof of loss within 60 days from date of loss).

It follows that, because the Ibarras did not notify Farmers of their loss within 60 days from the date of their loss, they necessarily failed to timely submit a sworn proof of loss. *See* 44 C.F.R. § Pt. 61, App., A(1), art. VII(J)(1), (4); *Richardson*, 279 Fed. App'x at 298 ("A [program] participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements."). For this additional reason, summary judgment is appropriate.

***

For the foregoing reasons, the court grants Farmers' motion for summary judgment and dismisses the Ibarras' claim with prejudice.

Signed at Galveston, Texas, on this 22nd day of January, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE